MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: WENDY H. WASZMER
Assistant United States Attorney
86 Chambers Street
New York, New York  10007
Tel:  (212) 637-2729
Fax: (212) 637-2717
E-mail: Wendy.Waszmer@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

URBAN RADIO I, L.L.C.,                          :
                                                :
                         Plaintiff,             :          08 Civ. 5176 (RPP)
                                                :
                v.                              :          **ANSWER**
                                                :
FEDERAL COMMUNICATIONS                          :
COMMISSION,                                     :
                                                :
                         Defendant.             :
-------------------------------------------------------------- x

Defendant Federal Communications Commission (the "FCC" or "Defendant"), by and

through its attorney, Michael J. Garcia, United States Attorney for the Southern District of New

York, answers the Complaint of plaintiff Urban Radio I, L.L.C. ("Urban Radio I" or "Plaintiff")

on information and belief as follows:

**PRELIMINARY STATEMENT**

1.      Paragraph 1 of the Complaint sets forth Plaintiff's characterization of its claims in

this action, to which no response is required.  To the extent that a response is required, Defendant

denies the allegations contained in Paragraph 1 of the Complaint.

2.      Paragraph 2 of the Complaint sets forth Plaintiff's characterization of its claims in this action, to which no response is required.  To the extent that a response is required, Defendant denies the allegations contained in Paragraph 2 of the Complaint.

3.      Paragraph 3 of the Complaint sets forth Plaintiff's characterization of the relief it seeks, to which no response is required.  To the extent that a response is required, Defendant denies that Plaintiff is entitled to such relief.

## JURISDICTION AND VENUE

4.      Paragraph 4 of the Complaint sets forth conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 4.

5.      Paragraph 5 of the Complaint sets forth conclusions of law, to which no response is required.  To the extent a response is required, Defendant admits the allegations contained in Paragraph 5.

6.      Paragraph 6 of the Complaint sets forth conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 6 of the Complaint.

## PARTIES

7.      Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the first and third sentences of Paragraph 7 of the Complaint. Defendant admits the allegations contained in the second sentence of Paragraph 7 of the Complaint.

8.    Defendant admits the allegations contained in Paragraph 8 of the Complaint.

## FACTUAL ALLEGATIONS

9.    Defendant admits the allegations contained in the first sentence of Paragraph 9 of the Complaint.  Defendant denies the allegations contained in the second sentence of Paragraph 9 of the Complaint, except avers that the current status of the Renewal Application is "pending."

10.    With regard to the allegations set forth in Paragraph 10 of the Complaint, Defendant admits that Plaintiff's counsel sent two Freedom of Information Act ("FOIA") requests via e-mail to the FCC on February 6, 2008 (the "FOIA Requests"), and respectfully refers the Court to these requests for a true and accurate statement of their contents.

11.    With regard to the allegations set forth in Paragraph 11 of the Complaint, Defendant admits that Patricia Quartey sent two e-mails to Plaintiff's counsel regarding the FOIA Requests on February 7, 2008, and respectfully refers the Court to these e-mails for a true and accurate statement of their contents.

12.    With regard to the allegations set forth in Paragraph 12 of the Complaint, Defendant admits that William Knowles-Kellett, Esq., sent an e-mail to Plaintiff's counsel regarding the FOIA Requests on March 14, 2008, and respectfully refers the Court to the e-mail for a true and accurate statement of its contents.

13.    Defendant admits the allegations contained in the first sentence of Paragraph 13 of the Complaint.  With regard to the allegations contained in the second sentence of Paragraph 13 of the Complaint, Defendant admits that Plaintiff's counsel sent an e-mail to William Knowles-Kellett, Esq., regarding the FOIA Requests on March 20, 2008, and respectfully refers

the Court to the e-mail for a true and accurate statement of its contents.

14.    With regard to the allegations contained in Paragraph 14 of the Complaint Defendant admits that Debbie Byrd sent an e-mail containing a letter from Gary Schonman on March 21, 2008, and respectfully refers the Court to the letter for a true and accurate statement of its contents.

15.    Defendant denies the allegations contained in Paragraph 15 of the Complaint, except avers that in response to Plaintiff's February 6, 2008 request for "copies of any and all records concerning indecency complaints and/or proceedings regarding WBLS" ("FOIA Request for Indecency Records"), Defendant produced six pages of responsive material reflecting redaction of information in accordance with 5 U.S.C. § 552(b)(6).

16.    Defendant denies the allegations contained in Paragraph 16 of the Complaint, except avers that Defendant did not respond to Plaintiff's February 6, 2008 request for "copies of any and all records concerning sponsorship identification complaints and/or proceedings regarding WBLS" ("FOIA Request for Sponsorship Identification Records") on or before March 27, 2008.

17.    Defendant denies the allegations contained in Paragraph 17 of the Complaint, except avers that on April 2, 2008, Plaintiff filed a "Review of Freedom of Information Action" with the FCC regarding the FOIA Request for Indecency Records ("Indecency Appeal").

18.    Defendant denies the allegations contained in Paragraph 18 of the Complaint, except avers that on April 2, 2008, Plaintiff filed a "Review of Freedom of Information Action" with the FCC regarding the FOIA Request for Sponsorship Identification Records ("Sponsorship Identification Appeal").

19.     Defendant denies the allegations contained in Paragraph 19, and avers that Defendant responded to the FOIA Request for Sponsorship Identification Records by letter dated April 9, 2008, and respectfully refers the Court to the letter for a true and accurate statement of its contents.

20.     Defendant denies the allegations contained in Paragraph 20, except avers that Plaintiff filed a "Supplement to Review of Freedom of Information Action" on April 16, 2008, regarding the FOIA Request for Sponsorship Identification Records.

21.     Defendant denies the allegations contained in Paragraph 21 of the Complaint, except avers that the FCC has not yet responded to the Indecency Appeal.

22.     Defendant denies the allegations contained in Paragraph 22 of the Complaint, except avers that the FCC has not yet responded to the Sponsorship Identification Appeal.

23.     Defendant admits the allegations contained in Paragraph 23 of the Complaint.

## COUNTS FOR RELIEF

## COUNT ONE

24.     Defendant repeats and realleges its responses in Paragraphs 1-23 as if set forth fully herein.

25.     Defendant denies the allegations contained in Paragraph 25 of the Complaint, except avers that Plaintiff submitted the FOIA Request for Indecency Records on February 6, 2008, and respectfully refers the Court to the request for a true and accurate statement of its contents.

26.     Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.     Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28.  Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29.  Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30.  Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31.  Defendant denies the allegations contained in Paragraph 31 of the Complaint.

## COUNT TWO

32.  Defendant repeats and realleges its responses in Paragraphs 1-31 as if set forth fully herein.

33.  Defendant denies the allegations contained in Paragraph 33 of the Complaint, except avers that Plaintiff submitted the FOIA Request for Indecency Records on February 6, 2008, and respectfully refers the Court to the request for a true and accurate statement of its contents.

34.  Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35.  Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36.  Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37.  Defendant denies the allegations contained in Paragraph 37 of the Complaint.

## COUNT THREE

38.  Defendant repeats and realleges its responses in Paragraphs 1-37 as if set forth fully herein.

39.  Defendant denies the allegations contained in Paragraph 39 of the Complaint, except avers that Plaintiff submitted the FOIA Request for Indecency Records on February 6, 2008, and respectfully refers the Court to the request for a true and accurate statement of its contents.

40.  Defendant denies the allegations contained in Paragraph 40 of the Complaint,

except avers that Plaintiff filed the Sponsorship Identification Appeal and Indecency Appeal.

41.    Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42.    The allegations contained in the paragraphs of the Complaint following the word

"WHEREFORE" set forth Plaintiff's prayers for relief, to which no response is required. To the

extent that a response is required, Defendant denies that Plaintiff is entitled to such relief.

## FIRST DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's claims because Defendant did

not improperly withhold documents in response to the FOIA requests that are the subject of this

case. See 5 U.S.C. § 552(a)(4)(B).

## SECOND DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceed

the relief authorized by statute under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

## THIRD DEFENSE

The Complaint should be dismissed for failure to state a claim upon which relief can be

granted.

## FOURTH DEFENSE

Some or all of the requested documents are exempt from disclosure. See 5 U.S.C. §

552(b).

WHEREFORE, Defendant demands judgment dismissing the Complaint and granting

such further relief as the Court deems proper, including costs and disbursements.

Dated: August 4, 2008
      New York, New York

                                         MICHAEL J. GARCIA
                                         United States Attorney for the
                                         Southern District of New York
                                         Attorney for Defendant
                                         Federal Communications Commission

By:                                    _____
                                         WENDY H. WASZMER
                                         Assistant United States Attorney
                                         New York, New York 10007
                                         Tel.: (212) 637-2729
                                         Fax: (212) 637-2717

TO:    CHARLES D. TOBIN, ESQ.
        Counsel for Plaintiff
        Holland & Knight LLP
        2099 Pennsylvania Avenue, N.W.
        Suite 100
        Washington, DC 20006

        CORRINE A. IRISH, ESQ.
        Counsel for Plaintiff
        Holland & Knight LLP
        195 Broadway - 24th Floor
        New York, New York 10007